**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JESSE JAMES CHAVEZ,
JASON ALLEN MCPHEE,
DAVID WAYNE HAIDLE,

Plaintiff,

v. No. CV 12-0778 LH/LFG

VALENCIA COUNTY MANAGER,
JOE CHAVEZ (WARDEN),
VALENCIA COUNTY DETENTION
CENTER MEDICAL,

Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs' civil rights complaint. Plaintiffs are incarcerated (the docket indicates that Plaintiff Haidle has been released), appear pro se, and are proceeding in forma pauperis. Also before the Court is Plaintiff James's Motion to Show Cause to Excuse Payments (Doc. 23). Plaintiffs have continued making installment payments, and the motion will be denied as moot. For reasons set out below, certain of Plaintiffs' claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiffs' pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiffs' complaint asserts claims against the Valencia County (New Mexico) Manager, the warden of the Valencia County Detention Center, and Valencia County Detention Center Medical. In three separate affidavits attached to the complaint, Plaintiffs allege that they have been denied adequate or timely medical treatment while confined at the Detention Center. Specifically, Plaintiffs James and McPhee allege that they have been denied necessary treatment for serious dental conditions. Plaintiff Haidle alleges that he was denied treatment for degenerative bone and joint conditions which cause him serious pain. Haidle also alleges that a correctional officer failed to intervene when he was attacked and beaten by his cellmate. The complaint contends that Defendants' actions are in violation of the Due Process Clause and the Eighth Amendment. Plaintiffs seek damages and injunctive relief.

No relief is available on Plaintiffs' claims against Defendants Valencia County Manager or Valencia County Detention Center Medical. The complaint contains no allegations against Defendant Valencia County Manager affirmatively linking him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of

workers supervised by the official. *See id.* "[P]laintiff has failed to allege that defendant [County Manager] personally authorized, supervised or participated in the decisions regarding his medical care. This omission is fatal to plaintiff's claims against [him]." *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (citing *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). The Court will Plaintiffs' dismiss claims against Defendant Valencia County Manager.

As to Defendant Valencia County Detention Center Medical, this county department cannot be held separately liable in an action under § 1983 and thus is not a proper defendant. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem.); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993). For purposes of this order, therefore, the claims of these pro se Plaintiffs against Defendant Valencia County Detention Center Medical are construed as directed at the county itself.

The complaint makes no allegation of a county custom or policy of denying prisoners necessary medical treatment. "A municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom of the municipality." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)). This rule applies equally to counties. *See Myers v. Oklahoma County Bd. Of County Comm'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998). Plaintiffs' complaint, therefore, does not state claims for relief against Defendant Valencia County Detention Center Medical or the County itself, and these claims will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff James's Motion to Show Cause to Excuse Payments (Doc. 23) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiffs' claims against Defendants Valencia County Manager and Valencia County Detention Center Medical are DISMISSED; and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Joe Chavez.

SENIOR UNITED STATES DISTRICT JUDGE